1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                          DISTRICT OF NEVADA

8                                * * *

9    MIKE NEWCASTLE,                        Case No. 3:13-cv-00377-MMD-VPC

10                          Plaintiff,          SCREENING ORDER

11          v.

12   RENEE BAKER, et al.,

13                          Defendants.

14

15          Plaintiff, who is a prisoner in the custody of the Nevada Department of

16   Corrections, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and

17   has filed an application to proceed *in forma pauperis*.

18   **I.      APPLICATION TO PROCEED *IN FORMA PAUPERIS***

19          Before the Court is plaintiff's application to proceed *in forma pauperis*.  (Dkt. no.

20   1.) Based on the information regarding plaintiff's financial status, the Court finds that

21   plaintiff is not able to pay an initial installment payment towards the full filing fee

22   pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly

23   payments towards the full $350.00 filing fee when he has funds available.

24   **II.     SCREENING STANDARD**

25          Federal courts must conduct a preliminary screening in any case in which a

26   prisoner seeks redress from a governmental entity or officer or employee of a

27   governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify

28   any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings, however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9

2

1  (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).   While the standard

2  under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide

3  more than mere labels and conclusions.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

4  555 (2007).   A formulaic recitation of the elements of a cause of action is insufficient.

5  *Id.; see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

6         Additionally, a reviewing court should "begin by identifying pleadings [allegations]

7  that, because they are no more than mere conclusions, are not entitled to the

8  assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).   "While legal

9  conclusions can provide the framework of a complaint, they must be supported with

10  factual allegations." *Id.*   "When there are well-pleaded factual allegations, a court should

11  assume their veracity and then determine whether they plausibly give rise to an

12  entitlement to relief." *Id.*   "Determining whether a complaint states a plausible claim for

13  relief [is] a context-specific task that requires the reviewing court to draw on its judicial

14  experience and common sense." *Id.*

15         Finally, all or part of a complaint filed by a prisoner may therefore be dismissed

16  *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.   This

17  includes claims based on legal conclusions that are untenable (e.g., claims against

18  defendants who are immune from suit or claims of infringement of a legal interest which

19  clearly does not exist), as well as claims based on fanciful factual allegations (e.g.,

20  fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28

21  (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

22  **III.    SCREENING OF THE COMPLAINT**

23         In the complaint, plaintiff brings action against the following individuals: Renee

24  Baker, Warden of Ely State Prison; S. Foster, Deputy Director; Adam Watson, Assistant

25  Warden; and Kay Weiss, Caseworker.   Plaintiff alleges that he was subjected to cruel

26  and unusual punishment during his incarceration at Ely State Prison.   Plaintiff seeks

27  monetary relief.

28  ///

1   Plaintiff's complaint contains one claim alleging violation of his Eighth
2   Amendment right to be free from cruel and unusual punishment. Plaintiff alleges that
3   from November 15, 2012, to present date, his access to showers is limited to once
4   every 72 hours, instead of 3 times per week. Plaintiff alleges that prison administrative
5   regulations call for access to showers 3 times per week, and that in failing to allow
6   plaintiff access to showers 3 times per week, defendants have subjected him to cruel
7   and unusual punishment. (Compl., at p. 4.)

8   To constitute cruel and unusual punishment in violation of the Eighth
9   Amendment, prison conditions must involve "the wanton and unnecessary infliction of
10  pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may
11  be restrictive and harsh, prison officials must provide prisoners with food, clothing,
12  shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v. McCarthy*, 801
13  F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).
14  In the instant case, shower access once every 72 hours, rather than 3 times per week,
15  does not constitute the wanton and unnecessary infliction of pain. Plaintiff fails to state
16  an Eighth Amendment claim. The complaint is dismissed with prejudice, as amendment
17  would be futile.

18  **IV.   CONCLUSION**

19  It is therefore ordered that plaintiff's application to proceed *in forma pauperis* (dkt.
20  no. 1) without having to prepay the full filing fee is granted. The Clerk of Court shall file
21  the complaint (dkt. no. 1-1). Plaintiff shall not be required to pay an initial installment
22  fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as
23  amended by the Prisoner Litigation Reform Act of 1996. The movant herein is permitted
24  to maintain this action to conclusion without the necessity of prepayment of fees or
25  costs or the giving of security therefor. This order granting *in forma pauperis* status
26  shall not extend to the issuance of subpoenas at government expense.

27  It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the
28  Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay

4

1    to the Clerk of the United States District Court, District of Nevada, 20% of the preceding

2    month's deposits to the account of Mike Newcastle, #1026717 (in months that the

3    account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The

4    Clerk shall send a copy of this order to the attention of Albert G. Peralta, Chief of Inmate

5    Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV

6    89702.

7         It is further ordered that, although this action is dismissed, the full filing fee shall

8    still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform

9    Act of 1996.

10        It is further ordered that the complaint is dismissed with prejudice for failure to

11   state a claim, as amendment would be futile.

12        It is further ordered that this Court certifies that any *in forma pauperis* appeal

13   from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

14        It is further ordered that the Clerk of Court shall enter judgment accordingly.

15

16        DATED THIS 1st day of October 2013.

17

18                                           MIRANDA M. DU
                                             UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28